IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Gary Ronald Slezak, ) | |
| ) | C/A No. 4:06-1122-RBH |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| Samuel Glover, et al, ) | |
| ) | |
| Defendants. ) | |

Plaintiff, proceeding *pro se*, brings this complaint pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights in connection with the denial of his request for parole and other claims ranging from dental problems or deliberate indifference to his medical needs, to denial of access to courts, his classification as a violent offender, various complaints about his cell, etc. which are summarized at pages three and four of the Report and Recommendation. The defendants are the director and members of the South Carolina Department of Probation, Parole, and Pardon Services; the director of the South Carolina Department of Corrections; the warden of Lieber Correctional Institution; and dentist Ramnarine Jaglal.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, this matter comes before the court with the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III, filed June 6, 2008. Based on his review of the record, the Magistrate Judge concludes that the plaintiff's motion for partial summary judgment and to amend his complaint should be denied and the defendants' motion for summary judgment should be granted.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination

of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions.  28 U.S.C. § 636(b)(1).

Most of the petitioner's objections simply rehash his various arguments regarding his claims. However, he does allege for the first time in his unverified objections, regarding his claims[1] of alleged triple-celling, that he has standing for such a claim because he was in fact triple-celled. (Objections, p. 43). The Court has reviewed the voluminous filings by the plaintiff and has not located any affidavit by him stating that he was triple-celled or any prior allegation that he was in fact triple-celled. The Court cannot consider such an allegation raised for the first time in his objections to the Magistrate's Report. Even if he has standing to raise the issue, he has not exhausted this claim. Plaintiff states in his objections that the South Carolina Supreme Court remanded a case concerning triple celling to the Administrative Law Court for a hearing and that no hearing has occurred. *See Slezak v. South Carolina Dept. of Corrections*, 361 S.C. 327, 605 S.E.2d 506, 508 (2004). Nor has he exhausted any of his other related claims. Finally, the Court notes that double or triple celling is not per se unconstitutional and plaintiff has made only conclusory allegations in support of his claim.

The Court has carefully reviewed the Report, pleadings, objections, and applicable law. The Court overrules all objections, adopts the Report and Recommendation, and incorporates it herein by reference. Accordingly, the plaintiff's motions for summary judgment and to amend are denied and the defendants' motion for summary judgment is granted. The plaintiff's motion for an evidentiary hearing is denied as moot.

---

[1] These allegations are set forth in paragraph 16 of Petitioner's Amended Supplemental Complaint (Docket Entry # 67).

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

September 15, 2008
Florence, South Carolina